UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:15-CV-066 JD |
| v. | ) |
| | ) |
| MR. MARION THATCHER and RON NEAL, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Terrance Flynn, a *pro se* prisoner, filed a complaint alleging that he has been denied Equal Protection because he was prevented from applying to the Honor Program at the Indiana State Prison because of his age. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Flynn is suing Unit Team Manager Mr. Marion Thatcher who oversees the Honor Program and alleges he refused to allow Flynn to apply because he was not 35 years of age. He is also suing Superintendent Ron Neal because he is in charge of the Indiana State Prison. Flynn alleges that the Honor Program conveys special privileges on 88 prisoners, all of whom are 35 and older. Though

there are other criteria for entering for program, Flynn states that he meets those requirements and does not dispute their legitimacy. He argues that:

> 1. The Defendants have violated Flynn right to Equal Protection pursuant to the 14th Amendment of the United States Constitution by treating Flynn disparately without any relation to a legitimate penal interest.
> 2. The Defendants have violated the Flynn Equal Protection rights by engaging in age discrimination without any rational basis for the discrimination.
> 3. Flynn is seeking the same benefits and privileges as those individuals who reside in ICH. Flynn is not looking to reside to ICH.

DE 1 at 3.

A similar challenge to the age requirements for the Honor Program was recently raised against the same defendants by another inmate at the Indiana State Prison. *See Wrightsman v. Thatcher*, 3:15-CV-087 (N.D. Ind. filed February 25, 2015). That case was dismissed for failure to state a claim because the age limit for admission to the Honor Program is a rational requirement which does not violate the Equal Protection clause. Though this case is not barred by *res judicata* because Flynn was not a party to that proceeding, the analysis applied by Judge Springmann in that case is convincing and this case must be dismissed for the same reasons. Here is how the age discrimination claim was analyzed in *Wrightsman*:

> The Plaintiff states that the Honor Program confers special privileges on a select group of prisoners. Such privileges include, in part, additional hours of non-confinement and visitation rights, access to certain exercise equipment, and permission to purchase video games. Compl. ¶ 5, ECF No. 1. He explains that to get into the program "the offender must be at least 35 years of age" and "[t]here must be 24 months with no conduct reports, and 48 months with no conduct reports involving violence."1 *Id.* The Plaintiff attaches a form indicating that he was rejected because of his age. *Id.*, ECF No. 1-1.
> Although it is possible to raise an Equal Protection claim based on age discrimination, "an age classification is presumptively rational." *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 84 (2000).
>> States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest. The rationality

> commanded by the Equal Protection Clause does not require States to match age distinctions and the legitimate interests they serve with razorlike precision. As we have explained, when conducting rational basis review we will not overturn such government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational.
>
> \* \* \*
>
> Under the Fourteenth Amendment, a State may rely on age as a proxy for other qualities, abilities, or characteristics that are relevant to the State's legitimate interests. The Constitution does not preclude reliance on such generalizations. That age proves to be an inaccurate proxy in any individual case is irrelevant. Where rationality is the test, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.
>
> *Id.* at 83–84 (quotation marks, brackets, and citations omitted). In particular, "young age is quite often relevant to valid state concerns, as the Constitution itself attests." *Hedgepeth ex rel. Hedgepeth v. Wash. Metro. Area Transit Auth.*, 386 F.3d 1148, 1154 (D.C. Cir. 2004) (citing U.S. Const. art. I, § 2 (minimum age for House of Representatives); *id*. § 3 (minimum age for Senate); *id*. art. II, § 1 (minimum age for President)). Given that "a State may rely on age as a proxy for other qualities, abilities, or characteristics," *Kimel*, 528 U.S. at 84, age is permissibly used as a proxy for maturity in a variety of areas, including voting, marriage, driving, alcohol consumption, and employment. As such, the use of age as a proxy for maturity when determining admission into the Honor Program would also be constitutionally permissible, particularly in the context of prison. Statistics show that young inmates are generally less mature and more prone to criminal behavior. *See, e.g.*, Howard N. Snyder, *Arrest in the United States*, *1990-2010*, U.S. Department of Justice, Bureau of Justice Statistics, 3–12 (October 2012), http://www.bjs.gov/content/pub/pdf/aus9010.pdf (only 18% of those arrested for murder were 40 or older; 23% for rape; 11% for robbery; 25% for aggravated assault; 24% for simple assault; 14% for burglary; 20% for larceny-theft; 15% for motor vehicle theft; 16% for weapons violations; and 18% for drug abuse violations.) Of course, there are young inmates who are more mature and less prone to criminal behavior than older inmates, but such an age generalization – like the age generalizations employed in the areas noted above – is nevertheless rational. *See Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) ("Governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized.") Because the Plaintiff cannot overcome the presumption that the distinction instituted for participation in the Honors Program is rationally related to a legitimate state interest, a valid Equal Protection claim has not been alleged.

*Id.*, DE 7 at 1-3 (footnote omitted).

So too in this case. Because the use of age as a criteria for admission in the Honor Program was not irrational, Flynn's equal protection rights have not been violated and this complaint does not state a claim. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. The use of age for admission to the Honor Program did not violate the Equal Protection Clause. No amendment to this complaint could change either the operative facts or law on which this decision is based, therefore it would be futile to permit Flynn to file an amended complaint.

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 1, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court